FRANNY A. FORSMAN
Federal Public Defender
State Bar No. 000014
RICHARD FRANKOFF
Assistant Federal Public Defender
State Bar No. 4461
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
(Fax) 388-6261

Attorney for **ROBERT MYRON LATHAM**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:06-cr-379-LDG-GWF |
| Plaintiff, | |
| vs. | **REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS** |
| ROBERT MYRON LATHAM, | |
| Defendant. | |

<u>CERTIFICATION</u>: This Reply is timely filed.

COMES NOW the defendant, ROBERT MYRON LATHAM, by and through his counsel of record, Richard Frankoff, Assistant Federal Public Defender, who hereby files this Reply to the United States' Response (CR 53) to the Defendant's Motion to Suppress Evidence (CR 50).

This response is supported by the following points and authorities, any pleadings and papers previously filed herein, relevant case law, and any other evidence to be adduced at a hearing on this matter.

DATED this 25th day of October 2007.

FRANNY A. FORSMAN
Federal Public Defender

/s/ Richard Frankoff
By_____
RICHARD FRANKOFF
Assistant Federal Public Defender

1

**INTRODUCTION**

Mr. Latham has moved this Court to suppress evidence in his case or, in the alternative, grant a hearing based upon material misrepresentations and omissions in the search warrant affidavit in this case (CR 50).  The government's opposition to Mr. Latham's motion does not offer any meritorious arguments for denying a hearing in this case (CR 53).  Indeed, the government's opposition through its invocation of new facts and through its attempt to put evidence or facts into the record without a single affidavit only underscores why, at a minimum, a hearing is required in this case.  Moreover, the government's arguments do not alter the fact that Mr. Latham has made a preliminary showing that the affidavit contains material omissions and misrepresentations – the standard for granting an evidentiary hearing.  In fact, the affidavits offered in support of Mr. Latham's motion point to serious misrepresentations and far exceed the mere preliminary showing required under the law.

**LEGAL STANDARD**

To obtain a hearing regarding an affidavit supporting a search warrant, a defendant need only make a "preliminary showing" that an affidavit supporting a warrant "deliberately or recklessly" included misrepresentations or omissions that are "material."  See United States v. Shryock, 342 F.3d 948, 977 (9th Cir. 2003).  Ninth Circuit "case law does not require clear proof of deliberate or reckless omissions or misrepresentations at the pleading stage."  United States v. Gonzalez, Inc., 412 F.3d 1102, 1111 (9th Cir. 2005) (citing United States v. Stanert, 762 F.2d 775, 781 (9th Cir.1985)). Instead, at the pleading stage of litigation "we simply require the defense to make a substantial showing that supports a finding of intent or recklessness."  Id.

Probable cause to justify a search warrant exists when there is a sufficient showing that incriminating items are located on the property to which entry is sought. See United States v. Rabe, 848 F.2d 994, 997 (9th Cir. 1988).  There must exist reasonable cause to believe that the things listed as the objects of the search are located in the place to be searched.  See Zurcher v. Stanford Daily, 436 U.S. 547, 556 (1978).

/ / /

**DISCUSSION**

*I. Form of Opposition Underscores Need For Hearing*

Prior to addressing the substance of the government's arguments, it must first be noted that the very form of the government's argument only underscores the need for a hearing in this case.   First, in its opposition the government makes reference to various additional or supplemental facts and hearsay statements by its agents.  The very use of such facts in opposition to Mr. Latham's motion demonstrates that several factual disputes exist between the parties regarding central issues in the affidavit in this case.   Precedent "**requires** the district court to conduct an evidentiary hearing when the moving papers filed in connection with a pre-trial suppression motion show that there are contested issues of fact relating to the lawfulness of a search." United States v. Mejia, 69 F.3d 309, 318 (9th Cir. 1995) (emphasis in original).

An evidentiary hearing is the proper venue for resolving such disputes not pleadings. "The purpose of requiring an evidentiary hearing, rather than permitting a decision to be based solely on written declarations, is to ensure that the district judge is presented with the information necessary to evaluate the truthfulness of the declarants." Id. Live witness testimony is sometimes necessary to a determination of credibility. See id. at 319.  When the factual issue is important, and credibility determinations necessary, a district court abuses its discretion by not conducting an evidentiary hearing. See id.

Second, the government offers these new facts and hearsay statements of agents in its motion without proferring a single affidavit.  In the face of the sworn testimony of a computer expert and an investigator, the government simply cannot offer unsworn double (and sometimes triple) hearsay in a brief without any affidavits to prevail.  If the government understandably wants its agents to try to explain and clarify representations tendered in the affidavit.  The proper forum to engage in this endeavor is an evidentiary hearing.  Facts do not become part of the record by being argued in a brief.  The government cannot avoid its burden or shield its agents from providing sworn testimony through argumentation in its brief.

3

*II.  Undisputed Material Misrepresentations And Omissions*

While the government attempts to offer new facts to rebut the motion, these unsworn hearsay assertions do not alter the fact that material misrepresentations were made in the affidavit. In fact, as will be discussed below, the government's opposition elides and, in some instances, perpetuates the misrepresentations in the affidavit.

**A.  Cox Misrepresentations**

First, the government cannot deny that the agents misrepresented the nature of the information they received from Cox.  Cox never informed the agents of the "service address" for Mr. Latham's account as asserted by the government in its brief.  (See Government Response (CR 53) at 15.)  Cox did not indicate where Mr Latham received service nor did it know this.  (Latham's Motion (CR 50) at 9.)  As noted in Mr Latham's initial motion, Cox does not track its clients' usage in this fashion.  (Id.)  Cox could not have known where in the entire city of Las Vegas Mr. Latham's account was actually being used.  (Id. at 9-10.)  This information regarding Cox was provided to the defense by Ms. April Lindskog – the same person the government interviewed at Cox.  (Id.)  It is inconceivable that the same information was not provided to or known by the agents.  Nonetheless, the agents did not reveal this information to the magistrate judge and led him to believe that Cox had told them the address from which Mr. Latham's account had accessed the internet.

The misrepresentation about Cox in the affidavit was material to the affidavit. Without this information, the magistrate judge could not have concluded that computers using the targeted IP address could be found in the alleged address of Larry Latham.  The government had no information connecting the downloaded images to any particular address other than this misrepresentation regarding Cox's reply.  There would not have been any connection between the target address and the download of contraband images without the affidavit's misrepresentation about IP addresses and how they are allegedly connected to a specific residence address.

The government's attempt to redress the misrepresentations and omissions regarding Cox by making reference to the Cox's Subscriber Agreement only serves to perpetuate the initial misunderstanding and confirms the need for a hearing in this case.  The government actually misstates the policy of Cox in the agreement.  The government claims that the Subscriber Agreement

1    requires a client to seek Cox's permission before moving its service address. (See Government's

2    Response (CR 53) at 9&n.2.)   The Agreement actually states that a client needs to get Cox's

3    permission only if the client is trying to move "Cox owned equipment" not the client's own

4    computer equipment.  See Exhibit A of Government's Response (CR 53) at 11.  A person does not

5    need to use 'Cox owned equipment' to access Cox's service.  This reference by the government to

6    the Cox Subscriber Agreement is thus unavailing.

7                    **B.  IP Address and Computer Omissions**

8                    The affidavit concealed or omitted information about how IP addresses function in

9    conjunction with cable modems and routers.   Specifically, the affidavit failed to inform the

10   magistrate judge that multiple computers in multiple locations could use the same IP address.  The

11   affidavit failed to inform the magistrate judge how such functionality meant that the agents could

12   not know even if a computer using the targeted IP address was even in the entire mobile home park

13   let alone a specific house.

14                   The government does not dispute this omission or its implications.  The government

15   does not deny and cannot deny that the agent was aware of the function of cable modems and routers.

16   The agent did, after all, offer himself as an expert of sorts.  Nor does the government dispute that the

17   agent intentionally omitted this information and its implications from the affidavit.  In fact, the

18   government does not even address this issue in its opposition.  A hearing is thus necessary to address

19   this material omission in the affidavit.

20                   Third, the government seeks to oppose the motion by relying upon statements of so-

21   called FBI experts regarding the possibilities of the unauthorized use of an IP address.  Without,

22   however, the sworn testimony of such witnesses, they can provide no support for the government's

23   position.  Indeed, the government's reliance on the putative hearsay testimony of so-called computer

24   experts reinforces the need for a hearing.  If the government wants to present evidence to try to

25   explain the omissions of the affidavit, the proper forum for doing this is an evidentiary hearing not

26   an unsupported response.

27   . . .

28   . . .

5

**III.  Unavailing Authority**

The government's reliance on <u>United States v. Perez</u>, 484 F.3d 735 (5th Cir. 2007) must also be rejected as this case arises in another circuit and is distinguishable from the facts of this case.  First, the facts in Perez indicated a "residence to which the IP address was assigned."  <u>Id.</u> at 740.  In the instant case, the IP address was not assigned to a particular residence as with <u>Perez</u>.  Moreover, in <u>Perez</u>, the court never had before it information regarding an internet service provider's method of tracking its clients.  Nor did the court have before it information indicating that the IP address could have been legitimately used by multiple computers in multiple locations.  <u>Id.</u>

A review of the record in <u>Perez</u> reveals that all of the information regarding computer technology and IP addresses presented to this court was not presented to the court in <u>Perez</u>.  Given this difference and its lack of precedential value in this circuit, the government's reliance on this case is misplaced.

**CONCLUSION**

The Court must order a hearing in this case as the parties clearly have established several factual disputes which are central to the affidavit supporting the warrant.  The motion identifies several material misrepresentations and omissions in the affidavit (CR 50).  And the government's opposition to the motion through its reliance upon new facts – facts not supported by sworn testimony – underscores the need for a hearing in this case (CR 53).

DATED this 25th day of October 2007.

Respectfully submitted,

FRANNY A. FORSMAN
Federal Public Defender


/s/ Richard Frankoff
By:_____
RICHARD FRANKOFF
Assistant Federal Public Defender

<u>**CERTIFICATE OF ELECTRONIC SERVICE**</u>

The undersigned hereby certifies that she is an employee of the Law Offices of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on October 25, 2007, she served an electronic copy of the above and foregoing **REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS,** by electronic service (ECF) to the person named below:

STEVEN W. MYHRE
United States Attorney
NANCY J. KOPPE
Assistant United States Attorney
333 Las Vegas Blvd. So., 5th Floor
Las Vegas, Nevada 89101


/s/ Blanca Lenzi
_____
Employee of the Federal Public Defender