# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT MYRON LATHAM,

    Defendant.

Case No. 2:06-cr-379-LDG (GWF)

**ORDER**

The defendant, Robert Latham, moves to suppress evidence (#50) seized during a search, arguing that the affidavit in support of the search warrant misrepresented or omitted material information. Latham requests a *Franks* evidentiary hearing. *See, Franks v. Delaware,* 438 U.S. 154 (1978). The government opposes the motion (#53). The Magistrate Judge has filed a Report and Recommendation (#56), recommending that the motion be denied. Latham timely filed objections (#59),[1] which the court will address.

---

[1] The government moves to strike the objections (#60) as untimely filed more than ten days after the Magistrate Judge entered his Report and Recommendation. To be timely, objections must be filed within ten days, excluding the day on which the Report was filed, as well as Saturdays, Sundays, and legal holidays, but including the day on which the objections are filed. As the Magistrate Judge filed his Report on November 1, 2007, the ten-day period to timely file objections ended on November 16, 2007. As Latham filed his objections on November 16, 2007, the filing was timely and the government's motion to strike will be denied.

Each of Latham's objections arise from his underlying argument that it is possible that the computer that uploaded images to the internet using the Internet Protocol (IP) address assigned to his brother, Larry Latham, was not located at Larry Latham's residence. Latham argues that the affidavit supporting the search warrant failed to disclose IP address spoofing, media access control (MAC) spoofing, the access of internet accounts through wireless routers, and that the billing address for a Cox internet account is not necessarily that account's service address, i.e., the location at which the cable modem accesses the internet. In support of the first three issues, Latham offered the affidavit of Adriane Mare, who states that public software is available to spoof IP and MAC addresses, and that a wireless router permits any person having a computer with wireless capabilities, and who is located within the approximate 300 foot range of the wireless router, to access the internet through that router.[2] In support of the fourth issue, Latham offers the affidavit of an investigator regarding a conversation with a Cox representative, indicating that the billing address is not necessarily the service address. Latham argues that the Magistrate Judge improperly resolved factual issues regarding the reliability of assumption that the IP address through which the images were downloaded was located at Larry Latham's residence.[3]

---

[2] Mare acknowledges that access to wireless routers can be through encryption of the signal, but asserts that such encryption can be overcome by publicly available software.

[3] Latham argues that the Report and Recommendation errs in assuming that Cox installed the "Cox internet equipment" at Larry Latham's residence. The court could not locate such a finding or assumption within the Report and Recommendation. Rather, the Report indicates only that the affidavit of the defendant's expert indicated that a cable modem must be "connected to the *cables* that an internet provider such as Cox installs in the subscriber's residence or place of business." The court agrees with Latham that the affidavit in support of the search warrant does not contain any allegation supporting an assumption that Cox installed cables at Latham's residence. However, Latham has not offered any evidence suggesting that the possibility that Cox did *not* install cables at Larry Latham's residence is sufficient to call into doubt the fair probability that evidence would be found at Larry Latham's residence. In a supplemental affidavit, Mare asserts, very generally, that Cox does not provide high speed internet service in all areas of Las Vegas.

After reviewing Latham's moving papers and affidavits, the court finds that the Report and Recommendation is generally consistent with evidence submitted by Latham in his moving papers. Latham did not offer any evidence of the extent of the possibility that a computer uploaded images to the internet using Larry Latham's internet account from a location other than Larry Latham's residence. Rather, Latham's evidence merely identified to the court that these alternative explanations existed. Consistent with this evidence, the Report and Recommendation assumed the possibility that the originating computer was not located at Larry Latham's residence, noted that such possibilities would be considered, but concluded that the evidence of the various possible alternative explanations did not bring into doubt whether there was a *fair probability* that the originating computer was located inside Larry Latham's residence.

The court agrees. Whether considered individually or cumulatively, Latham's evidence of possible alternative means by which images could be uploaded to the internet using Larry Latham's assigned IP address other than by a computer located in that residence does not call into doubt whether there was a fair probability that the originating computer was located at that residence, or that evidence regarding the possession of the images would be located at that residence. Further, the evidence of these possible alternative explanations is insufficient to warrant a *Franks* evidentiary hearing to determine whether the omission of these alternative possibilities from the affidavit supporting the search warrant was intentional or reckless.

Latham's additional arguments and assertions, first raised in his objections, similarly do not warrant suppression or a *Franks* evidentiary hearing. Accordingly,

THE COURT **ORDERS** that the Report and Recommendation (#56) is ADOPTED;

---

Such a general allegation is also insufficient to warrant a *Franks* evidentiary hearing whether the affiant intentionally omitted this information in his affidavit.

3

1   THE COURT FURTHER **ORDERS** that the United States Motion to Strike
2  Objections (#60) is DENIED;
3   THE COURT FURTHER **ORDERS** that Robert Latham's Motion to Suppress (#50)
4  is DENIED.
5   DATED this ___18___ day of December, 2007.

_____
Lloyd D. George
United States District Judge