TERRENCE M. JACKSON, ESQ.
Nevada Bar No. #0854
Law Office of Terrence M. Jackson
624 South 9th Street
Las Vegas, Nevada  89101
(702) 386-0001 / Fax: (702) 386-0085
*Counsel for Robert Latham*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-vs-<br><br>ROBERT MYRON LATHAM,<br><br>    Defendant. | Case No.:  2:06-cr-00379-LDG-GWF<br><br>**OBJECTION TO MAGISTRATE'S FINDING OF FACT AND CONCLUSIONS OF LAW TO DEFENDANT'S MOTION TO DISMISS** |

**Certification**: This motion is timely filed.

**COMES NOW** the Defendant, ROBERT LATHAM, by and through his attorney TERRENCE M. JACKSON, ESQ., and respectively submits these objections to the Magistrate's Finding of Fact and Conclusion of Law denying defendant's Motion to Dismiss.

### I.

### MAGISTRATE'S ERRORS OF FACT

The fundamental factual error of the Magistrate is that the Magistrate found the Defendant did not show the government destroyed potentially exculpatory evidence. This finding was incorrect.

The testimony of Larry Latham (defendant's brother) is undisputed, that both his computers were apparently damaged while in the possession of the government after being seized pursuant to a search warrant. The government in their Brief suggested one of the computers was damaged when it was seized, but the government presented no actual testimony to support this claim and the Magistrate's statement of fact is therefore not clearly established. It is also undisputed that the images on the computers were not preserved, although that is the standard protocol when conducting a forensic examination

of computers.

Defense expert Adrian Mare testified examination of these two computers would have provided valuable information for the defense, especially since these computers were linked to the computer belonging to the Defendant, on which child pornography was allegedly found.

Specifically, Adrian Mare could have determined how often, and when, these computers may have directly interacted with the lap top computer through shared files or other means. He could have determined what internet sites these two computers contacted, and when they contacted them. If these computers contacted incriminating sites, it inferentially would be exculpatory evidence.

The Court reached the erroneous conclusion this information was not potentially exculpatory evidence, accepting the government's theory at face value that the defendant was the only person who had used the lap top and therefore was solely responsible for the illegal images on his lap top machine.

The defendant has entered a "Not Guilty" plea. It should be presumed he is not guilty, yet no other theory than the Defendant's guilt was considered by the Magistrate.

## II.

**DEFENDANT CANNOT MEET AN IMPOSSIBLE BURDEN OF SHOWING EXCULPATORY EVIDENCE THAT HAS BEEN DESTROYED BECAUSE THE GOVERNMENT HAS NOT PRESERVED THAT VERY EVIDENCE.**

The evidence the Defendant would like to present existed on two computer hard drives which no longer are available. The computers were seized pursuant to a warrant, but they were not properly preserved. That is undisputed. Defendant can never know what, if anything, was on those two computer hard drives. The government argued Defendant is only speculating that exculpatory evidence existed on the computer hard drives and therefore the charges must not be dismissed. Using impeccable Orwellian logic, the government concludes that since exculpatory evidence does not exist now it never existed. The U.S. Magistrate accepted this logic and found that his case is governed by <u>California vs. Trombetta</u>, 467 U.S. 479 104 S. Ct. 2528, 81 L.Ed.2d 413 (1984), finding there was

no "bad faith" by the government agents in failing to preserve potentially exculpatory evidence.

Defendant has established several facts which logically establish the likelihood, not just mere possibility, that exculpatory evidence may have existed on the computer hard drives taken from Larry Latham (Robert's brother) on February 25, 2005. Defendant cannot do more than that under these circumstances.

(1) The three computers seized were linked together with the same router. They were all in the same house, and all were available to anyone who had access to that venue through shared network or files or other users;

(2) Expert testimony would establish each use of these computers and when the two computers were directly linked to certain internet sites;

(3) Expert testimony could establish if individuals had hacked into these two computers;

(4) Expert testimony did establish conclusively, the government did not employ correct forensic technology in examining said computers.

*Arizona vs. Youngblood*, 488 U.S. 51, 109 S. Ct. 333, 102 L.Ed.2d 281 (1988) does not require an impossible burden for a defendant. The government and the court seek to impose upon the defendant the burden of proving his innocence and negating any inference of guilt. The Magistrate also cited *California vs. Trombetta*, 467 U.S. 479, 164 S. Ct. 2528, 81 L. Ed.2d 413 (1984). In *United States vs. Cooper*, 983 F.2d 928 (9th Cir. 1993) defendant submits both *Trombetta* and *Youngblood* are easily distinguishable. Without a carefully conducted forensic examination, it is impossible to determine what, if anything, of evidentiary value is contained on a computer hard drive.

The difficulty with computer evidence is that if it is not carefully processed and preserved it can be destroyed and rendered irretrievable forever. Forensic experts are aware of the fragility of this evidence. It is well known the ONLY proper way to examine a computer hard drive is to first make a mirror image, bit-by-bit of the hard drive, preserving everything for future review. That was not done in this case. The process was

flawed. Such an egregious failure by the government agents amounts to 'bad faith'.

Counsel cannot, of course, prove the government had malicious motives in failing to use proper procedures, but their reckless disregard for proper protocol in handling important evidence must be considered bad faith. Their failure cannot ever be corrected.

The Court's reliance on *Cooper* and *Trombetta* is misplaced for an additional reason. In Cooper the court noted:

> "The government contends that Cooper and Gammill would be able "to obtain comparable evidence by other reasonably available means.'" *Trombetta*, 467 U.S. at 489 . . .
>
> The government here suggests that Cooper and Gammill have other means to establish physical capabilities of the destroyed lab equipment. They could question experts familiar with the properties of lab equipment and they could question the designer of the 125 gallon reaction vessel.

The Court stated:

> General testimony about the possible nature of the destroyed equipment would be an inadequate substitute for testimony informed by its examination. *Id.* 932 (emphasis added)

In this case there exists no substitute for the destroyed evidence. Defendant can never establish the persuasive exculpatory evidence which may have existed on the destroyed computer hard drives by any other means.

**WHEREFORE**, for the above stated reasons Defendant's Motion to Dismiss should be granted.

**DATED** this 18th day of August, 2008.

Respectfully submitted,

*/s/ Terrence M. Jackson*

TERRENCE M. JACKSON, ESQ.
Nevada Bar No. #0854
624 South 9th Street
Las Vegas, Nevada 89101
(702) 386-0001

4

# CERTIFICATE OF ELECTRONIC SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  -vs-<br><br>ROBERT MYRON LATHAM,<br><br>  Defendant. | Case No.:   2:06-cr-00379-LDG-GWF<br><br>**CERTIFICATE OF ELECTRONIC SERVICE** |

I HEREBY CERTIFY that on the **18th day of August 2008**, the undersigned served the foregoing Defendant, Robert Latham's <u>Objection to Magistrate's Finding of Fact and Conclusions of Law to Defendant's Motion to Dismiss</u> on all counsel herein by causing a true copy thereof to be filed with the Clerk of Court using the CM/ECF system, which was served via electronic transmission by the Clerk of Court pursuant to local order.

GREGORY A. BROWER, United States Attorney  
NANCY J. KOPPE, AUSA  
DISTRICT OF NEVADA  
Lloyd D. George Federal Courthouse  
333 Las Vegas Boulevard South, Fifth Floor  
Las Vegas, Nevada 89101

By:   /s/   *Beverly Jackson*  
　　　Legal assistant to Terrence M. Jackson, Esq.

5